UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

EDELMAN ARTS, INC.,

            Plaintiff,

- against -

REMKO SPOELSTRA, JASON HOLLOWAY, SSR INVEST SWITZERLAND, SWISS BUSINESS COUNCIL, and JOHN DOE,

            Defendants.

------------------------------------------- x

Civil Action No.: 17-cv-4789

Removed from New York State Supreme Court, New York County, Index No. 651521/17

**NOTICE OF REMOVAL**

       Defendant Remko Spoelstra ("Spoelstra"), by and through his undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Civil Rule 81.1.  In support of removal, Spoelstra states as follows:

       1.      On March 23, 2017, Plaintiff Edelman Arts, Inc. ("Edelman Arts") filed a lawsuit in the Supreme Court of the State of New York, County of New York, which Edelman Arts amended on April 4, 2017, now captioned *Edelman Arts, Inc. v. Remko Spoelstra, Jason Holloway, SSR Invest Switzerland, Swiss Business Council, and John Doe*, Index No. 651521/2017 (the "State Court Action").  A copy of the Summons and Complaint from the State Court Action (with exhibits) is attached as Exhibit A.  A copy of the Amended Complaint from the State Court Action (with exhibits) is attached as Exhibit B.

       2.      Neither the Summons and Complaint nor the Amended Complaint have been served on Defendant Spoelstra.

       3.      On information and belief, no co-defendant has been served, and on further information and belief, all co-defendants would consent to removal.

       4.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Spoelstra has satisfied the procedural requirements for removal, and

the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441.

I. **Spoelstra Has Satisfied the Procedural Requirements for Removal**

5. <u>Removal is timely</u>. Defendant Spoelstra has not received a copy of the Summons and Complaint or the Amended Complaint and thus has not been formally served. Accordingly, the time to file this Notice of Removal has not begun to run. Therefore, it is timely pursuant to 28 U.S.C. § 1446(b).

6. Spoelstra attaches hereto a copy of all pleadings filed in the State Court Action. *See* Exhibits A and B.

7. No further proceedings have occurred in the State Court Action.

8. <u>Venue is proper</u>. The Supreme Court of the State of New York, County of New York, is located within the Southern District of New York, and, therefore, venue is proper in this Court, pursuant to 28 U.S.C. § 112, because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Supreme Court of the State of New York, County of New York, and served on plaintiff.

II. **Diversity of Citizenship**

10. Plaintiff Edelman Arts is a corporation organized under the laws of the State of New York with its principal place of business at 135 East 15th Street, New York, New York 10003. *See* Amended Compl. ¶ 1. It is a citizen of New York for purposes of 28 U.S.C. § 1332.

11. The Amended Complaint alleges that Spoelstra's principal place of business is at Komeetweg 5-7, 2516AV Den Haag, The Netherlands. *See* Amended Compl. ¶ 2. He is a citizen of the Netherlands for purposes of 28 U.S.C. § 1332.

12.     The Amended Complaint alleges that Defendant SSR Invest Switzerland is Swiss entity acting on behalf of the Abu Dhabi royal family.  SSR is a citizen of Switzerland for purposes of 28 U.S.C. §1332.

13.     The Amended Complaint alleges that Defendant Jason Holloway is employed by SSR Invest Switzerland.  On information and belief, Holloway resides and is domiciled in Zurich, Switzerland and is a citizen of the United Kingdom for purposes of 28 U.S.C. § 1332.

14.     The Amended Complaint alleges that Defendant Swiss Business Council is a non-profit organization licensed by the United Arab Emirates Chambers of Commerce & Industry with its principal place of business at Corniche Road, Baynounah Tower 2, 3rd Floor, Office No. 10, Abu Dhabi, UAE.  *See* Amended Compl. ¶ 8.  Swiss Business Council is a citizen of either Switzerland or United Arab Emirates for purposes of 28 U.S.C. §1332.

15.     Defendant John Doe is being sued under a fictitious name.  Because "the citizenship of defendants sued under fictitious names shall be disregarded," his citizenship does not affect the removal analysis.  28 U.S.C. § 1441(b)(1).

16.     Plaintiff has alleged that its damages are "$26,800,000 plus interest, costs, and attorneys' fees."  *See* Amended Compl. ¶ 31(a).

17.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

18.     This case is therefore removable under 28 U.S.C. § 1441(a).

**WHEREFORE**, Spoelstra respectfully removes the State Court Action from the Supreme Court of the State of New York, County of New York, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Civil Rule 81.1.

Dated:   June 23, 2017                            Respectfully submitted,

**SULLIVAN & WORCESTER LLP**

By: /s/Nicholas O'Donnell
         Nicholas O'Donnell

1633 Broadway
New York, New York 10019
Telephone:  (212) 660-3000

*Attorney for Defendant Remko Spoelstra*