# EXHIBIT I



Asher Edelman <aedelman@edelco.com>

## Court filing today
1 message

**Asher Edelman** <aedelman@edelco.com>                          Thu, May 25, 2017 at 4:19 PM
To: abudhabi@swissbcuae.com
Cc: Remko Spoelstra <rhj.spoelstra@gmail.com>, Remko Spoelstra <remko@riandinvestments.com>
Bcc: ffranzino@franzscherlaw.com

Dear Mrs Engel,
The attached was filed today. We will reach out to you in the hope we can depose you as a witness to this action.
Of course the deposition can take place via  video communications. We would be grateful if you can assist us voluntarily.
Thank you,
Asher EDELMAN



Asher B. Edelman
135 East 15th Street
New York, NY 10003

T: +1 (212) 472 7770
F: +1 (212) 472 7709
M: +1 (917) 859 9275
Skype: asheredelman / + 1 (347) 983 0699

Please send all responses and emails to aedelman@edelco.com


📄 **estate complaint.docx**
   20K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------x

ASHER B. EDELMAN, as Executor of the Estate of
Mildred Ash,

                     Plaintiff,          :        COMPLAINT

        -against-                   :        Index No.

REMKO SPOELSTRA,              :

                  Defendant.      :

------------------------------------------------------------------------x

Plaintiff Asher B. Edelman, as Executor of the Estate of Mildred Ash ("Edelman as Executor") by his attorneys, Franzino & Scher LLC, as and for his Complaint against defendant Remko Spoelstra ("Spoelstra") alleges:

1.   Edelman as Executor is the Executor of the Estate of Mildred Ash (the "Ash Estate") with an address at135 East 15th Street, New York, New York 10003.

2.   Upon information and belief, Spoelstra is an individual with a place of business at Komeetweg 5-7 (street), 2516AV Den Haag, The Netherlands.

3.   Spoelstra informed Edelman as Executor that he could have a painting by Edvard Munch (the "Munch") brought to New York which he would then be able to show to potential buyers if a $400,000 refundable deposit was paid by Spoelstra to the owner.

4.   Spoelstra advised Edelman as Executor that if the owner requested that the Munch be returned, the $400,000 would be returned to Spoelstra.

5.   Further, if Spoelstra was successful in selling the Munch, the $400,000 deposit would also be returned from proceeds of the sale.

6.   In order to pay the $400,000, Spoelstra requested a loan of $200,000 from the Ash Estate.

7. On or about October 21, 2016, a Loan Agreement, Security Agreement and Secured Promissory Note were negotiated by and between the Ash Estate and Spoelstra.

8. The Loan Agreement, Security Agreement and Secured Promissory Note were all executed on or about November 7, 2016. A copy of the Loan Agreement is attached hereto as Exhibit "A". A copy of the Security Agreement is attached hereto as Exhibit "B". A copy of the Secured Promissory Note is attached hereto as Exhibit "C".

9. As security for the loan, the Ash Estate was given a first priority security interest in and first lien upon Spoelstra's right, title and interest to the Munch, as evidenced in Schedule 1 attached to the Loan Agreement and attached again hereto as Exhibit "D".

10. The Ash Estate was also given possession of the Munch on or about November 14, 2016.

11. The Loan Agreement refers to a loan of $206,000. However, only $131,000 was actually transferred to Spoelstra.

12. Spoelstra received $125,000 plus the agreed upon Origination Fee of $2,000 and Prepaid Interest of $4,000 for a total of $131,000.

13. The Interest on the Loan Agreement is $16,000 per annum.

14. Upon information and belief, on or about December 2, 2016, the Munch was sold to the Swiss Business Council of Abu Dhabi ("SBC") by Spoelstra. A copy of that invoice is attached hereto as Exhibit "E".

15. Upon information and belief, SBC is non-profit organization, licensed by the United Arab Emirates Chambers of Commerce & Industry with offices located at Corniche Road, Baynounah Tower 2, 3rd Floor, Office No. 10, Abu Dhabi, UAE.

16. Upon information and belief, SBC purchased the Munch through the auspices of Mohammed bin Zayed Ainahyan and his staff.

17. In or about January 2017, the Ash Estate became aware that Spoelstra had falsely represented his interest in the Munch. Spoelstra had no interest in the Munch. The Ash Estate also became aware that Spoelstra did not pay the $400,000 deposit to the owner of the Munch.

18. Pursuant to Paragraph 4(a)(vi) of both the Loan Agreement and the Secured Promissory Note, an Event of Default occurs when "the Property [the Munch Painting] shall cease to be subject to Lender's continuing security interest of first priority in and first lien upon all of Borrower's right, title, and interest in and to the Property [the Munch Painting] and the proceeds thereof, insurance proceeds and products thereof, additions and accessions thereto and any accounts receivable arising therefrom."

19. As a result of the owner of the Munch informing the Ash Estate about Spoelstra's having no right, title or interest in the Munch, an Event of Default had occurred.

20. On or about January 20, 2017, the Ash Estate sent a default letter to Spoelstra. A copy of the default letter is attached hereto as Exhibit "F".

21. Currently, Edelman as Executor has been contacted by the representative of the owner of the Munch who has demanded that the Munch be returned.

22. Upon information and belief, Spoelstra had no rights to the painting and fraudulently signed the Security Agreement.

### AS AND FOR A FIRST CAUSE OF ACTION

23. Defendant has defaulted pursuant to the terms of the Loan Agreement and Secured Promissory Note as set forth in paragraph 18 above.

24. Upon notice that Spoelstra did not have the interest that he claimed to have in the Munch, the Ash Estate declared a default and sent a default letter.

3

25. Pursuant to the Secured Promissory Note, when an Event of Default occurred, all monies owed pursuant to the Loan Agreement were immediately due and owing.

26. Defendant has not cured said default nor has he paid back to the Ash Estate the $131,000 loan, or any part thereof, although duly demanded.

27. By reason of defendant's breaches, the Ash Estate has incurred and will incur expenses and attorney's fees, in an amount to be demonstrated at trial.

WHEREFORE plaintiff Asher B. Edelman as Executor of the Estate of Mildred Ash demands judgment against defendant as follows:

(a) On the First Cause of Action, $131,000 plus interest, costs, expenses, and attorneys' fees; and

(b) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 24, 2017

FRANZINO & SCHER, LLC


By_____
Frank J. Franzino, Jr.
*Attorneys for Plaintiff*
900 Third Avenue, 17th Floor
New York, New York 10022
(212) 230-1140

4