UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | | |
|---|---|---|
| EDELMAN ARTS, INC., | | |
| **Plaintiff,** | : | |
| | | **ANSWER** |
| -against- | : | |
| | | |
| REMKO SPOELSTRA, JASON HOLLOWAY, | : | **17-cv-4789 (KBF)** |
| SSR INVEST SWITZERLAND, SWISS BUSINESS | | |
| COUNCIL, and JOHN DOE, | : | |
| | | |
| **Defendants.** | : | |

------------------------------------------------------------------------x

Third-party defendant, Asher B. Edelman ("Edelman"), by his attorneys, for his Answer to the Third-Party Claims interposed by Defendant Remko Spoelstra as set forth in his Answer, Counterclaims and Third-Party Claims Against Asher B. Edelman alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Third-Party Claims.

2. Admits the allegations contained in paragraph 2 of the Third-Party Claims.

3. Admits the allegations contained in paragraph 3 of the Third-Party Claims.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Third-Party Claims.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Third-Party Claims.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Third-Party Claims.

8.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Third-Party Claims.

9.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Third-Party Claims.

10.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Third-Party Claims but admits that Spoelstra did visit Edelman Arts' place of business with Paul Scott.

11.  Admits the allegations contained in paragraph 11 of the Third-Party Claims but admits that he did meet with Spoelstra.

12.  Denies the allegations contained in paragraph 12 of the Third-Party Claims.

13.  Admits the allegations contained in paragraph 13 of the Third-Party Claims but admits that works by Keith Haring were discussed.

14.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Third-Party Claims.

15.  Denies the allegations contained in paragraph 15 of the Third-Party Claims.

16.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Third-Party Claims.

17.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Third-Party Claims.

18.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Third-Party Claims.

19.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Third-Party Claims.

20. Admits the allegations contained in paragraph 20 of the Third-Party Claims.

21. Denies the allegations contained in paragraph 21 of the Third-Party Claims.

22. Denies knowledge or information sufficient to form a belief as to the first portion of the allegations contained in paragraph 22 of the Third-Party Claims. Denies the second portion of the allegations contained in paragraph 22 of the Third-Party Claims, but admits that Edelman Arts provided Spoelstra with invoices for the works.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Third-Party Claims.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Third-Party Claims.

25. Denies the allegations contained in paragraph 25 of the Third-Party Claims, but admits that Edelman and Spoelstra met.

26. Denies the allegations contained in paragraph 26 of the Third-Party Claims, but admits that Edelman did ask about payment.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Third-Party Claims, but admits that Edelman provided Spoelstra with information with respect to the totem.

28. Denies the allegations contained in paragraph 28 of the Third-Party Claims, but admits that Edelman and Spoelstra discussed the sale of a work by Edward Munch.

29. Denies the allegations contained in paragraph 29 of the Third-Party Claims, but admits that Mildred Ash was Edelman's late mother.

30. Admits the allegations contained in paragraph 30 of the Third-Party Claims.

31. Denies the allegations contained in paragraph 31 of the Third-Party Claims, but admits that Edelman had a telephone conversation with Spoelstra on December 22, 2016.

32. Denies the allegations contained in paragraph 32 of the Third-Party Claims.

33. Denies the allegations contained in paragraph 33 of the Third-Party Claims, but admits that Edelman and Spoelastra met.

34. Denies the allegations contained in paragraph 34 of the Third-Party Claims.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Third-Party Claims.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Third-Party Claims, but admits that Anatole Shagalov is the owner of the *Blue Tarp*, one of the four Haring works.

37. Denies the allegations contained in paragraph 37 of the Third-Party Claims.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Third-Party Claims.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Third-Party Claims.

40. Denies the allegations contained in paragraph 40 of the Third-Party Claims.

41. Denies the allegations contained in paragraph 41 of the Third-Party Claims.

42. Denies the allegations contained in paragraph 42 of the Third-Party Claims, but admits that Edelman received emails from Holloway and refers the Court to the emails for their content.

43.   Denies the allegations contained in paragraph 43 of the Third-Party Claims and refers the Court to emails from Holloway for their content.

44.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Third-Party Claims.

45.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Third-Party Claims, but denies that Edelman told Spoelstra's fiancée that Spoelstra was going to be arrested by the FBI for fraud.

46.   Denies knowledge or information sufficient to form a belief as to the first sentence contained in paragraph 46 of the Third-Party Claims.   Denies the allegations contained in paragraph 46 of the Third-Party Claims, but admits that Edelman and Spoelstra met in New York.

47.   Denies the allegations contained in paragraph 47 of the Third-Party Claims.

48.   Denies the allegations contained in paragraph 48 of the Third-Party Claims.

49.   Denies the allegations contained in paragraph 49 of the Third-Party Claims, but admits that Spoelstra provided Edelman with an affidavit, which Edelman's attorneys drafted based on conversations with Spoelstra and which Spoelstra reviewed prior to signing.

50.   Denies the allegations contained in paragraph 50 of the Third-Party Claims.

51.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Third-Party Claims, but denies the allegations that the affidavit was changed after Spoelstra signed.

52.   Denies the allegations contained in paragraph 52 of the Third-Party Claims, but admits that Spoelstra called Edelman after the lawsuit was filed.

53. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Third-Party Claims.

54. Denies the allegations contained in paragraph 54 of the Third-Party Claims.

55. Denies the allegations contained in paragraph 55 of the Third-Party Claims, but admits that some coverage of the case appeared in the *New York Post*.

56. Denies the allegations contained in paragraph 56 of the Third-Party Claims.

57. Denies the allegations contained in paragraph 57 of the Third-Party Claims.

58. Denis the allegations contained in paragraph 58 of the Third-Party Claims and directs this Court to any of these supposed articles for their content.

59. Denies the allegations contained in paragraph 59 of the Third-Party Claims and directs this Court to the Court filings referred to therein for their content.

60. Edelman Arts directs this Court to the Court filings referred to in paragraph 60 of the Third-Party Claims for their content.

61. Edelman Arts directs this Court to the Court filings referred to in paragraph 61 of the Third-Party Claims for their content.

62. Edelman Arts directs this Court to the Court filings and the purported news coverage of the Court filings referred to in paragraph 62 of the Third-Party Claims for their content.

63. Edelman Arts directs this Court to the Hon. L. Scholfield's decision referred to in paragraph 63 of the Third-Party Claims for their content.

64. Denies the allegations contained in paragraph 64 of the Third-Party Claims.

65. Denies the allegations contained in paragraph 65 of the Third-Party Claims.

66. Denies the allegations contained in paragraph 66 of the Third-Party Claims and refers this Court to the Court filings referred to in paragraph 66 of the Third-Party Claims for their content.

67. Denies the allegations contained in paragraph 67 of the Third-Party Claims and refers this Court to the Court filings referred to in paragraph 67 of the Third-Party Claims for their content.

68. Denies the allegations contained in paragraph 68 of the Third-Party Claims.

69. Denies the allegations contained in paragraph 69 of the Third-Party Claims.

70. Denies the allegations contained in paragraph 70 of the Third-Party Claims.

71. Denies the allegations contained in paragraph 71 of the Third-Party Claims, but admits that Edelman sent an email to Spoelstra.

72. Denies the allegations contained in paragraph 72 of the Third-Party Claims, but admits Edelman sent an email to Holloway and Spoelstra and refers this Court to the email for its content.

73. Denies the allegations contained in paragraph 73 of the Third-Party Claims.

74. Admits that Edelman sent an email as alleged in paragraph 74 of the Third-Party Claims and refers this Court to the email for its content.

75. Admits that Edelman send an email as alleged in paragraph 75 of the Third-Party Claims and refers this Court to the email for its content.

76. Denies the allegations contained in paragraph 76 of the Third-Party Claims and refers this Court to the email for its content.

77. Denies the allegations contained in paragraph 77 of the Third-Party Claims. Part of paragraph 77 of the Third-Party Claims calls for a legal conclusion.

78.   Denies the allegations contained in paragraph 78 of the Third-Party Claims and refers this Court to the email referred to in paragraph 78 of the Third-Party Claims for its content.

79.   Denies the allegations contained in paragraph 79 of the Third-Party Claims, but admits that an email was sent and refers this Court to the email for its content.

80.   Denies the allegations contained in paragraph 80 of the Third-Party Claims.

81.   Denies the allegations contained in paragraph 81 of the Third-Party Claims and refers this Court to the email for its content.

82.   Denies the allegations contained in paragraph 82 of the Third-Party Claims and refers this Court to the email for its content.

83.   Denies the allegations contained in paragraph 83 of the Third-Party Claims and refers this Court to the email for its content.

84.   Denies the allegations contained in paragraph 84 of the Third-Party Claims and refers this Court to the email for its content.

85.   Denies the allegations contained in paragraph 85 of the Third-Party Claims.

86.   Denies the allegations contained in paragraph 86 of the Third-Party Claims.

87.   Denies the allegations contained in paragraph 87 of the Third-Party Claims and refers this Court to the text for its content.

88.   Denies the allegations contained in paragraph 88 of the Third-Party Claims.

89.   Denies the allegations contained in paragraph 89 of the Third-Party Claims and refers this Court to the email for its content.

## REPLYING TO THE FIRST COUNT – INTENTIONAL MISREPRESENTATION

90.   Answering paragraph 90, plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 89 above.

91.   Denies the allegations contained in paragraph 91 of the Third-Party Claims.

92.   Denies the allegations contained in paragraph 92 of the Third-Party Claims.

93.   Denies the allegations contained in paragraph 93 of the Third-Party Claims.

94.   Denies the allegations contained in paragraph 94 of the Third-Party Claims.

95.   Denies the allegations contained in paragraph 95 of the Third-Party Claims.

96.   Denies the allegations contained in paragraph 96 of the Third-Party Claims.

97.   Denies the allegations contained in paragraph 97 of the Third-Party Claims.

## REPLYING TO THE SECOND COUNT – TORTIOUS INTERFERENCE WITH CONTRACTUAL AND POTENTIAL BUSINESS RELTIONS

98.   Answering paragraph 98, plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 97 above.

99.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 99 of the Third-Party Claims.

100.  Denies the allegations contained in paragraph 100 of the Third-Party Claims.

101.  Denies the allegations contained in paragraph 101 of the Third-Party Claims.

102.  Denies the allegations contained in paragraph 102 of the Third-Party Claims.

## REPLYING TO THE THIRD COUNT – DEFAMATION

103.  Answering paragraph 103, plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 above.

104.  Denies the allegations contained in paragraph 104 of the Third-Party Claims.

105.  Denies the allegations contained in paragraph 105 of the Third-Party Claims.

106. Denies the allegations contained in paragraph 106 of the Third-Party Claims.

107. Denies the allegations contained in paragraph 107 of the Third-Party Claims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108. Each of the Third-Party Claims fails to state any cause of action against Edelman upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109. Each of the Third-Party Claims is barred in whole, or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110. Each of the Third-Party Claims is barred by the doctrines of waiver, equitable estoppel, laches and unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111. Each of the Third-Party Claims is barred in whole, or in part, by the culpable conduct of defendant, Remko Spoelstra.

WHEREFORE, plaintiff demands judgment against defendants, individually and severally, as follows:

1. For the relief set forth in the Complaint;

2. Dismissal of each and every Counterclaim; and

3. Appropriate costs and disbursements, and reasonable attorneys fees.

Dated: New York, New York
      January 26, 2018

FRANZINO & SCHER, LLC

By:     Frank J. Franzino, Jr.
*Attorneys for Asher B. Edelman*
120 West 45th Street, Suite 2801
New York, New York 10036
(212) 230-1140

11