UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
EDELMAN ARTS, INC., :
: No. 17-cv-4789
Plaintiff, :
: **Plaintiff's [Proposed]**
v. : **Findings of Fact and**
: **Conclusions of Law**
REMKO SPOELSTRA, JASON HOLLOWAY, :
SSR INVEST SWITZERLAND, SWISS :
BUSINESS COUNCIL and JOHN DOE, :
:
Defendants. :
:
----------------------------------------------------------X

COMES NOW the Plaintiff Edelman Arts, Inc., by and through its attorneys, Franzino & Scher, LLC, and proposes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiff, Edelman Arts, Inc. ("Edelman Arts") is a corporation duly organized under the laws of the State of New York with a principal place of business at 111 East 70th Street, New York, New York.

2. Upon information and belief, defendant Remko Spoelstra ("Spoelstra") is an individual with an address at Komeetweg 5-7 (street), 2516AV Den Haag, The Netherlands.

3. Upon information and belief, defendant Jason Holloway ("Holloway") is an individual whose last known place of employment was HSBC. Upon information and belief, Holloway is the contact person and accountant for defendant Swiss Business Council ("SBC").

4. Upon information and belief, defendant SSR Invest Switzerland ("SSR Invest") is the paying agent for SBC.

5. Upon information and belief, defendant SBC is a non-profit organization, licensed by the United Arab Emirates Chambers of Commerce & Industry with offices located at Corniche Road, Baynounah Tower 2, 3rd Floor, Office No. 10, Abu Dhabi, UAE.

6. Spoelstra was introduced to Asher Edelman of Edelman Arts, as a representative of SBC as well as a member of the Abu Dhabi Royal Family.

7. On November 18, 2016, Spoelstra viewed the Haring works of art in New York and signed the invoices from Edelman Arts. Copies of the Edelman Arts Haring invoices are attached hereto as **Exhibit A**.

8. On November 26, 2016, Spoelstra invoiced SBC for the Haring works with payment going directly to Edelman Arts. Copies of the Spoelstra Haring invoices and the Spoelstra Munch invoice are attached hereto as **Exhibit B**.

9. Pursuant to the invoices, payment was due upon receipt of the invoices. Despite numerous reassurances that payment would be forthcoming, no payment has been received by Edelman Arts. See the invoices previously attached hereto and emails of Jason Holloway attached hereto as **Exhibit C**.

10. The damages requested in the complaint were originally $20,175,000 plus interest and attorneys' fees. One of the works was sold by its owner, Artemus USA, LLC, in order to mitigate its damages. The totem is still available and ready for turnover. Upon consideration, we have removed certain works from the damages request and are left with commissions on two of the works.

11. Should the statements herein be found to constitute conclusions of law, the court so concludes.

## CONCLUSIONS OF LAW

12. To plead a viable breach of contract claim, a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004).

13. Pursuant to the Order of Judge Katherine B. Forrest dated August 17, 2018 (ECF No. 56), Judge Forrest found that "the complaint appropriately addresses all legal elements of a breach of contract claim". See *National Market Share, Inc. v. Sterling National Bank*, 392 F.3d 520, 525 (2d Cir. 2004).

14. The invoices are valid contracts between Edelman Arts and Spoelstra and SBC.

15. Holloway and SSR Invest held themselves out to be agents of SBC and alleged that they were authorized to make payments to Edelman Arts under the invoices.

16. Edelman Arts was prepared to perform on the invoices.

17. Defendants have materially breached the contract by failing to make any payments under the invoices.

18. "Damages for breach of contract are determined by calculating the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Gulf Coast Bank & Tr. Co. v. ASESD, LLC*, 2014 WL 6850970 at *4 (S.D.N.Y. 2014) (internal citations omitted) (based on the submissions by plaintiff the Court recommended damages on the loan for the breach of contract as well as interest).

19. Upon the entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234

(2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory. *Id.*

20. In the instant case, there has been a reduction in the damages requested. The Second Amended Complaint requested damages in the amount of $20,175,000 plus interest and attorneys' fees.

21. Now, however, Edelman Arts is requesting damages of $7,585,000 plus $2,199,441.87 in interest for a total of $9,784,441.87. This case is being decided under New York law and therefore, plaintiff has used New York statutory interest of nine (9%) percent per annum.

22. The Haring work which was to be sold to SBC for $4,800,000 (invoice attached hereto as **Exhibit D**) was subsequently sold by Artemus USA, LLC, its owner, to mitigate its damages, for $2,815,000. The difference of $1,985,000 is now due and owing. A copy of the Artemus USA, LLC invoice is attached hereto as **Exhibit E**.

23. The Edelman Arts' commissions on the Munch work would have been $1,400,000 if the defendants had not breached the contract. A copy of the Munch invoice is attached hereto as **Exhibit F**.

24. The Edelman Arts' commissions on the one Haring work would have been $1,200,000 if the defendants had not breached the contract. A copy of the Haring invoice is attached hereto as **Exhibit G**.

25. The Haring totem is still available and has not been sold. The sales price for the totem was $3,000,000. A copy of the invoices for the Haring totem are attached hereto as **Exhibit H**. Edelman Arts would have received a commission on the sale of the totem of $600,000.

26. Should the statements herein constitute findings of fact, the Court so finds.

## **[PROPOSED] ORDER**

27. Based on the findings of facts, conclusions of law, and exhibits thereto, it is hereby ORDERED that: Defendants, Remko Spoelstra, Jason Holloway, SSR Invest Switzerland, and Swiss Business Council are liable to plaintiff Edelman Arts, Inc. in the principal amount of **$7,585,000.00** for the monies due under the invoices, some of which has been mitigated and some of which is only Edelman Arts' commissions, plus interest in the amount of **$2,199,441.87** from December 15, 2016.

Dated: May 16, 2019
      New York, New York

Respectfully Submitted,

**FRANZINO & SCHER, LLC**

_____
Erin C. Kormann
120 West 45th Street, Suite 2801
New York, New York 10036
Tel: (212) 230-1140
Email: ekormann@franzscherlaw.com

*Attorneys for Plaintiff*