**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

EDELMAN ARTS, INC.,

Plaintiff,

-against-

REMKO SPOELSTRA, et al.,

Defendants.

-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 3/13/2020

**17-CV-4789 (JGK)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge.**

On January 14, 2020, I issued a Report and Recommendation ("R&R") to the Hon. John G. Koeltl on a damages inquest following Defendants' default. In the R&R, I concluded that plaintiff Edelman Arts, Inc. ("Plaintiff") did not establish its entitlement to the damages sought. In addition to submitting written objections to the R&R to Judge Koeltl, Plaintiff also filed a motion asking the Court to reopen its inquest on damages and amend its conclusions set forth in the R&R. (ECF Nos. 98-99.) The motion is DENIED.

**DISCUSSION**[1]

Rule 52(b) states that, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Because a Report and Recommendation is not an entry of judgment, but rather a recommendation to the District Court Judge regarding the entry of judgment, Plaintiff has not established that Rule 52 is the proper vehicle for challenging the conclusions of the Court's Report and Recommendation. See, e.g., Cordero v. Miller, 15-cv-

---

[1] The relevant facts are laid out in the Report and Recommendation (ECF No. 94), familiarity with which is assumed.

00383 (JJM)(MAT), 2018 WL 4846272, at *1 (W.D.N.Y. Oct. 5, 2018) ("Rule 52(b) . . . is inapplicable because this matter was not tried on the facts without a jury or with an advisory jury in federal court."); cf. RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L., 12-cv-01369 (LGS), 2013 WL 5299131, at *1 (S.D.N.Y. Sept. 20, 2013) (ruling on a Rule 52(b) motion after adopting a report and recommendation and entering a "judgment" on a damages inquest). Furthermore, as Plaintiff timely objected to the R&R, Judge Koeltl will review *de novo* any part of the R&R that has been properly objected to, after which he may accept, reject, or modify the recommended disposition; receive additional evidence; or return the matter to me with further instructions. See Fed. R. Civ. P. 72(a)(3). Nonetheless, I have reviewed Plaintiff's motion and supporting materials carefully and do not find that Plaintiff has met the standard for a motion to amend or reconsider the conclusions in the R&R.

The standard governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 is the same. See RGI Brands LLC, 2013 WL 5299131, at *1. The standard is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or information that the court overlooked and which may "reasonably be expected to alter the conclusion reached by the court." Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Plaintiff bears a heavy burden because such motions are not intended to be vehicles for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). The decision to grant or deny a motion for reconsideration or reargument is in the "sound discretion" of the Court and "will not be overturned on appeal absent an abuse of

discretion." <u>Davidson v. Scully</u>, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (quoting <u>McCarthy v.</u> <u>Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983)).

Despite the additional submissions in support of its current motion, Plaintiff has not made a showing requiring the Court to amend the R&R. Plaintiff's Memorandum of Law and accompanying Affidavit raise one primary argument: that the Court failed to assess damages in a way to put the Plaintiff in the same economic position it would have been in had the contract been fulfilled. In furtherance of this argument, Plaintiff re-submits substantially the same evidence (in the form of signed invoices and an amended affidavit from Plaintiff's owner) that accompanied its papers in support of the original briefing on the damages inquest. Plaintiff also introduces, for the first time, evidence concerning purported industry standards regarding commissions on art sales by brokers generally.

The Court afforded Plaintiff two opportunities to support its damages calculations. In addition to reviewing Plaintiff's Proposed Findings of Fact and Conclusions of Law, the Court requested additional briefing as to the total damages calculation by requesting "the factual and legal basis for calculating damages based on a combination of [1] potential commissions and [2] the difference between the asking price and the sale price" of one of the art pieces at issue. (ECF No. 92 (numbers added).) Plaintiff responded to that December 10, 2019 Order by submitting a letter on December 18, 2019. In the R&R, I concluded that despite the evidence offered, Plaintiff had not established the amount of damages, including alleged lost commissions, with the "reasonable certainty" required on a damages inquest. Now, in support of this motion, Plaintiff states that "[h]ad the December 10, 2019 Order asked for supplemental filings with respect to commissions, the attached Affidavit of Asher B. Edelman with respect to the commissions calculations would have been filed with the Court." (ECF No. 99 at 5). The December 10, 2019

Order, however, did request additional information about commissions. At this late stage, Plaintiff's motion to reconsider improperly attempts to advance "new facts, issues or arguments not previously presented to the court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). A party seeking reconsideration, however, "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Wechsler v. Hunt Health Sys., Ltd., 94-cv-8294 (PKL), 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004) (internal quotation marks omitted).

Moreover, the motion does not provide controlling decisions or information previously submitted which the Court overlooked and which may reasonably be expected to alter the conclusion reached by the Court concerning either (1) the legal grounds upon which Plaintiff would be entitled to damages for the piece sold by Artemis USA, LLC, or (2) the factual grounds upon which Plaintiff would be entitled to damages in the amount of $7,585,000.00 instead of $5,185,000.00—the total of the three alleged lost commissions plus the difference between the contract and resale price of a fourth piece.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 98.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      March 13, 2020
            New York, New York