```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EDELMAN ARTS, INC.,

                                Plaintiff,              17-CV-4789 (JGK)(SN)

        -against-                                       ORDER

REMKO SPOELSTRA, et al.,

                                Defendants.
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/2020

**SARAH NETBURN, United States Magistrate Judge**:

Plaintiff Edelman Arts, Inc., filed a Second Amended Complaint on December 4, 2017, against four individual and corporate defendants. The complaint alleges that the Plaintiff is in the business of "finding and brokering art works for sale." The complaint alleges that, "[p]ursuant to the invoices," defendants agreed to purchase four works of art by Keith Haring totaling $19,800,000, and one work of art by Edvard Munch for $7,000,000. At the relevant time, Plaintiff was "ready, willing and able to perform its obligations under all the invoices." In the complaint, Plaintiff seeks the total purchase price for two Haring pieces that remained in its possession (totaling $9,000,000), the price difference for two Haring pieces that were subsequently sold (totaling $4,175,000), and the purchase price for the Munch piece ($7,000,000). Thus, Plaintiff seeks $20,175,000 in the complaint. Nothing in the complaint references a commission rate and none of the invoices, attached to the complaint, identifies a commission rate.

Remko Spoelstra, an agent for the buyer, answered the Second Amended Complaint and asserted counterclaims against the Plaintiff Edelman Arts and Asher Edelman. In the

1

counterclaim complaint, Spoelstra accuses Edelman of intentional misrepresentation, tortious interference with contract and defamation. Specifically, Spoelstra alleges that Edelman did not own the paintings he invoiced and has never had access to them.

On August 17, 2018, District Judge Katherine B. Forrest entered default against Defendants Jason Holloway, SSR Invest Switzerland, and Swiss Business Counsel (the "Original Defaulting Defendants"). ECF No. 56. In so doing, the Court noted that "the strength of plaintiff's claim" was "open to question." Id. at 1. Nevertheless, the Court found that "the complaint appropriately addresses all legal elements of a breach of contract claim, if all allegations in the complaint are taken as true." Default was entered against the Original Defaulting Defendants.

By order dated September 11, 2018, Judge Forrest denied Plaintiff's motion for default judgment against the Original Defaulting Defendants, finding that Plaintiff failed to meet the "low standard" to establish contract damages to a reasonable degree of certainty. ECF No. 66. Judge Forrest concluded first that Plaintiff had failed to provide sufficient proof of its damages, noting that the purchase prices in the complaint and the proposed judgment did not align, and that Plaintiff had claimed, without any proof, that some artworks were sold. Id. at 2-3. Second, Judge Forrest noted that Plaintiff failed to provide any "legal explanation" for how defendants could be liable for the entire purchase price of the paintings that appeared to still be in the Plaintiff's possession. Id. That is, Plaintiff's damages calculation did not account for the value of the paintings that allegedly remained in its possession. Accordingly, Plaintiff was ordered to supplement its briefing within two weeks. Id.

Before that deadline, on September 20, 2018, the case was reassigned to District Judge John G. Koeltl. Plaintiff timely filed a two-page supplemental letter brief with supporting

exhibits, and the Court held a conference on November 18, 2018, at which Defendant Spoelstra, who was now proceeding pro se, failed to appear.[1] After opportunity was provided for Defendant Spoelstra to appear, on April 24, 2019, the Court entered a default against him – meaning that all defendants were subject to a default – and referred the matter to me for a report and recommendation on a damages inquest. ECF Nos. 84, 85.

In its third proffer on damages – having previously filed for damages against the Original Defaulting Defendants, such proffer having been found inadequate, and thereafter supplemented – Plaintiff sought (i) $1,985,000 for one Haring piece, representing the difference between the purchase price offered to the Defendants and the amount for which it subsequently sold; (ii) $1,200,000, representing the alleged commission on a second Haring piece; (iii) $600,000, representing the alleged commission on a third Haring piece; and (iv) $1,400,000, representing the alleged commission on the Munch piece. Plaintiff also sought 9% statutory interest, amounting to $2,199,441.87. ECF No. 90.

This Court found Plaintiff's third proffer wanting. By order dated December 10, 2019, the Court directed Plaintiff to explain the factual and legal basis for calculating damages based on potential commissions, and damages based on the difference in asking price and sale price for one of the Haring pieces.[2] ECF No. 92. Plaintiff responded by describing the transactions that led to the "discounted" sale and indicated that of the $1,985,000 that Plaintiff sought, $500,000 would be Plaintiff's commission and the balance would (apparently) go to non-party seller Artemis USA, LLC. ECF No. 93.

---

[1] On March 2, 2018, Spoelstra's original counsel withdrew. On April 8, 2018, new counsel appeared on his behalf, but that counsel moved to withdraw 19 days later for failure to pay. ECF Nos. 40, 44.
[2] The Court recognizes that its request was arguably poorly worded. It appears that Plaintiff interpreted the Court's request to be limited to the basis for seeking the price differential for the one Haring piece. Accordingly, the Plaintiff provided no additional support for its legal and factual claim for damages based on any commissions.

On January 14, 2020, this Court recommended that Plaintiff be awarded no damages, having failed to establish the legal and factual basis for the damages sought. First, the Court found that Plaintiff was not entitled in the difference between the offer price and the purchase price for the one Haring piece that was subsequently sold given that Plaintiff would be entitled to, at most, the commission from such sale. Second, the Court found that Plaintiff failed to establish to a reasonable degree of certainty the "agreed upon" commission rate. Indeed, none of the evidence offered indicated any discussion, much less agreement, on Plaintiff's commission. Third, Plaintiff sought $7,585,000 in principal damages, but the proposed findings only requested a total amount of $5,185,000. Because it is Plaintiff's burden to establish damages to a reasonable degree of certainty, and because Plaintiff was given four opportunities to present its claim to the Court, this Court recommended that no damages be awarded.

Plaintiff objected to this recommendation and its objections included some evidence regarding commission rates. See ECF No. 97. On May 5, 2020, Judge Koeltl declined to adopt my recommendation and recommitted the matter to me to permit the Plaintiff to offer further evidence in support of its damages request. See ECF No. 101.

In the May 5, 2020 Memorandum Opinion & Order, Judge Koeltl concluded that "[t]here was clearly a breach of contract." Id. at 12. This Court is bound by that legal conclusion. Accordingly, the Court further assumes that this contract included payment of a commission fee regardless of whether the art was ultimately purchased. See Restatement (Second) of Contracts § 204 (Am. Law Inst. 1981) ("When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court."); accord De Graff v. McKesson & Robbins, Inc., 31 NY.2d 862, 869 (1972).

Accordingly, Plaintiff is given another opportunity – by this Court's count, its sixth – to establish to a reasonable degree of certainty the missing term in its contract with the Defendants and establish Plaintiff's entitlement to any damages.

It is hereby ORDERED that, by no later than June 12, 2020, Plaintiff shall supplement the record by filing:

(1) any admissible evidence reflecting an agreement with the Defendants as to the commission rate;

(2) any admissible evidence on the usual and customary commission rate for this type of agreement;

(3) any admissible evidence that Plaintiff was "ready, willing and able" to perform under the contract;

(4) any admissible evidence of Plaintiff's effort to mitigate damages. The legal consequences, if any, related to mitigation;

(5) any legal basis for finding that Defendants are obligated to pay a commission even if the art remains in the custody of the broker, possession of the seller, or both;

(6) any legal basis for finding that the defendants owe Plaintiff the difference between the sale price agreed upon between the parties for a piece of art and the subsequent (lesser) actual sale price of that piece of art between non-parties; and

(7) any other admissible evidence and/or legal basis supporting a finding of Plaintiff's entitlement to the amount of damages sought under the specific theories of recovery put forth by Plaintiff.

The Court hereby notifies the parties that it may conduct this inquest based solely

upon their written submissions. See <u>Action S.A. v. Marc Rich & Co.</u>, 951 F.2d 504, 508 (2d Cir. 1991); <u>Fustok v. ContiCommodity Servs. Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   May 29, 2020
         New York, New York